# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| DARYETTA EDWARDS, on behalf of herself and all others similarly situated, | ) ) ) |
| Plaintiffs, | ) CASE NO.: 4:16-cv-00063-JAJ-CFB ) ) |
| vs. | ) REPORT AND RECOMMENDATION ) ON PLAINTIFFS' MOTION FOR |
| ORCHESTRATE HOSPITALITY GROUP, L.L.C., and CENTRO RESTAURANT, L.L.C., | ) FINAL APPROVAL OF ) CLASS ACTION SETTLEMENT ) |
| Defendants. | ) |

A Fairness Hearing was held January 17, 2017, before the undersigned. Appearing were Harley Erbe, Steven Wandro and Kelsey Knowles. Plaintiffs Moved to Certify the Class and Approve the Settlement (ECF 21) and for Attorney's Fees and Expenses (ECF 22). The Fairness Hearing was set by Order entered January 3, 2017 (ECF 25). The Court entered an Order on August 12, 2016, granting preliminary approval of the Class for settlement purposes, preliminary approval of the Settlement Agreement, and authorized the Class Member notice (ECF 19).

The parties have provided the approved notice to the Class Members. No objections were received. The Court has reviewed the terms of the Settlement Agreement, the Request for Fees and Expenses, and the Request for the separate incentive payment to the named Plaintiff, and recommends that they be granted.

**FACTS AND PROCEDURAL BACKGROUND**

This case was removed from state court on March 8, 2016. Plaintiff and Class Members worked for Defendants' restaurants as tipped servers between February 12, 2012, and February 12, 2016. Plaintiffs allege that Defendants violated the Iowa Minimum Wage Act (Iowa Code Ch. 91D), Iowa Wage Payment Collection Law (Iowa Code Ch. 91A), and the Fair Labor Standards Act's minimum wage provisions, 29 U.S.C. § 206, by failing to pay Plaintiffs at the standard minimum wage rate of $7.25/hour for untipped labor. Defendants deny all of

Plaintiffs' claims, but, exclusively for the purposes of settlement, the parties have agreed to the claims and plaintiffs as defined in the Conditional Class Certification approved by the Court (ECF 19). The Class is defined as:

> All hourly tipped servers working at Defendants' restaurants Centro, Django, Malo and Zombie Burger + Drink Lab between February 12, 2014 and February 12, 2016.

The Named Plaintiff and the Class Members were all subject to the same policies, job descriptions and responsibilities, and they were all paid the same wages. The Named Plaintiff performed additional responsibilities in relationship to this lawsuit. She reviewed the data relied upon to calculate the individual Class-Members' payments, which required analyzing two years of electronic time records, and assisted in creating and applying the formula to allocate sufficient time to "side-work" (non-tipped labor) without overlapping with tipped-labor tasks for each Class Member.

In the preliminary approval Order, the Court found, for settlement purposes only, that the proposed Class met the requirements of Federal Rule of Civil Procedure 23 for certification, as the proposed Class was so numerous that joinder of all Members was impracticable. (ECF 19). There are over 300 Members of the Class, both current and past servers at Defendants' restaurants, who received the approved notice of the settlement agreement, and who will be entitled to share in the settlement amount. Defendant has agreed, for settlement purposes only, to resolve the common state and federal wage claims that predominate over individual issues, on a Class-wide basis, and that the named Plaintiff's claims are typical of the Class Members' claims. The Court again finds that this Class is certified exclusively for the purposes of settlement.

The Court finds that a class action is superior to other available methods for the fair and efficient resolution of this controversy. It avoids the risk of inconsistent and varying adjudications with respect to individual Members of the Class, and provides persons with smaller claims with an opportunity to preserve them, which may have been cost prohibitive otherwise. It has also provided additional relief, as Defendants have changed policies for payment of servers' tipped-work and side-work. No additional evidence was presented at the Fairness Hearing or through objections to suggest that the requirements for Federal Rule of Civil Procedure 23(a)(1-3) and (b)(3) have not been met, or to challenge the Court's findings in the Order granting preliminary approval of the settlement.

The findings made in the Order granting preliminary approval of the Class and the evidence received for the Fairness Hearing establish that the prerequisites of Federal Rule of Civil Procedure 23 for numerosity, common questions of law and fact, and typicality have been satisfied.

Additionally, the Court again finds that the Named Plaintiff and her attorneys have fairly and adequately protected the interests of the Class, that the Named Plaintiff has no interests adverse to the Class, and that Plaintiffs' attorneys are qualified to conduct litigation on behalf of the Class, as required by Federal Rule of Civil Procedure 23(a)(4).

## POST-NOTICE PROCEEDINGS

The notice of the preliminary approval of the Class settlement, as approved by the Court, was sent by U.S. Mail to the Class Members in September, 2016. Two notices were returned as undeliverable, and two Members opted-out of the Class. No objections to the proposed settlement were received.

Individualized notice by mail met due process requirements, and was effective in this case. It gave the Class Members the required information that allowed those interested in making an appearance or objecting to do so. It provided a reasonable time to respond, gave the terms of the settlement in detail, and options to allow class members to rationally decide whether they should intervene, object, opt-out, investigate further, or otherwise make their views known. The notice given was proper and adequate. On January 4, 2017, the parties properly served upon the appropriate state and federal officials of each state in which a class member resided a notice of the proposed settlement in accordance with 28 U.S.C. § 1715(b).

The parties and counsel are to be commended for their efforts in resolving these claims in a speedy, just, and efficient manner, taking into account the novelty and uncertainty of the Class claims, the parties involved, along with the risks and costs of litigation. Experienced counsel on both sides of this case demonstrated collegiality and professionalism in crafting a settlement mechanism that fairly compensates Class Members, with limited expenditure of administrative costs, and clarifies Defendants' policies, which will prevent future litigation. There is no hint of collusion or fraud, and the proposed settlement was reached after informal discovery, negotiations, and analysis of the most efficient and economic method to resolve these claims.

**APPROVAL OF THE SETTLEMENT AMOUNT AND ADMINISTRATIVE COSTS**

The Court finds that the settlement agreement to resolve the Class Members' claims from a settlement fund paid by Defendants in the amount of $163,699.98, is fair, reasonable, and adequate, and meets the requirements of Federal Rule of Civil Procedure 23(e)(2). This amount shall be paid in accordance with the terms of the parties' settlement agreement (ECF 18-1), as approved by the Court (ECF 19).

The Class Members' interests are better served by settlement than by future litigation, in light of the complexity of the claims, the strengths and weaknesses of the claims, the interplay between the state law claims and the FSLA regulations, the developing case-law interpreting the duties of tipped-work in relation to side-work, the value of these claims over time, questions regarding the scope of the claims, and the expense of protracted discovery, motion practice, and further litigation.

In determining the settlement allocation, the parties considered the exact number of hours each potential Class Member worked over the two-year period. The parties analyzed each shift each Class Member worked in which side-work could have arguably exceeded 20% of the shift, and compared it to the total shift time in order to determine the amount necessary to pay the Class Member the full minimum wage of $7.25/hour for side-work performed during the shift. These calculations required that the parties agree to a formula for estimating the time-per-shift spent on side-work, as time records were not kept by servers tracking tipped-work separately from side-work. This method increases the settlement's fairness because it anchors each share of the settlement common fund to actual time worked, rather than weeks of service or some other generic basis. This reduces the possibility that a Class Member would receive more, or less, back pay than their actual working time supports, and it eliminates requiring individual Class Members to recall work patterns, hours, or shifts over the past two years. The payments to the individual Class Members will be made in accordance with the terms of the Settlement Agreement as approved by the Court, and shall be made by Defendants to Class Members, with W-2 tax forms, within 30 days of the entry of final judgment.

The Court approves of Defendants' agreement to pay the amount of Administrative Expenses not to exceed $2,000.00, in addition to the Settlement Fund.

## APPROVAL OF THE INCENTIVE PAYMENT TO NAMED PLAINTIFF

The Court finds that the Named Plaintiff is entitled to a separate award as an incentive payment in recognition of the time she expended and the benefits provided to the Class by her protection of the Class' interests. Plaintiff has prosecuted claims on behalf of servers at three other restaurants owned by Defendants, in addition to the claims for servers at Centro, the restaurant where she works. In light of the total amount of the settlement to the Class, the Named Plaintiff should receive a payment of $1,637 as an incentive award to be paid from the Settlement Fund in addition to any *pro rata* share to which she is entitled.

## APPROVAL OF ATTORNEYS FEES AWARD

The Settlement Agreement, as approved, provided that the total of the settlement award of $163,699.98 is inclusive of attorney's fees and their expenses, court costs, and the incentive award to the Named Plaintiff.

The Court approves the award of $54,512.09 in attorney's fees and $1,977 in attorney's costs and expenses, based upon the affidavits of counsel submitted as part of the Plaintiff's Application for Attorney's Fees and Expenses (ECF 22 and attachments). The amount of the attorney's fees award represents one-third of the total Settlement Fund, which is reasonable in this case considering the results obtained for the Class; the quality, skill, and efficiency of the attorneys involved; the efficiency with which the case was brought to a satisfactory conclusion in light of its complexity; the risk of non-payment of any fee award due to the contingency fee for counsel, counsels' agreement to advance the necessary costs and expenses; and the awards in similar cases. There were no objections to the amount requested for fees and expenses. Public policy favors adequate awards of attorney's fees for wage cases in order to encourage plaintiffs, perhaps with individual small claims, to bring actions, and to provide experienced counsel with incentives to pursue claims in an efficient manner.

The Court finds that a "percentage of the benefit" method for awarding attorneys' fees is appropriate in this case because the attorneys obtained a substantial benefit for the Class, and assumed significant risk by taking this case on a contingency basis. The Settlement Fund's administrative expenses are borne by Defendants, not Plaintiffs.

## INJUNCTION, RELEASES AND DISMISSAL

The Court further approves of the term of the Settlement Agreement providing for an injunction:

> Settlement Class Members are hereby permanently enjoined from filing, joining, or prosecuting any claims, suits or administrative proceedings regarding claims released by this settlement.

The parties shall comply with the releases, confidentiality agreements or covenants-not-to sue that are contained in the Settlement Agreement that was approved by the Court.

If the District Court Judge adopts this Report and Recommendation, he shall include a Judgment and Dismissal with Prejudice pursuant to Federal Rule of Civil Procedure 41. By agreement of the parties, the Court shall retain jurisdiction to enforce the Settlement Agreement's terms.

## CONCLUSION

IT IS RESPECTFULLY RECOMMENDED that the Court:

Approve the terms of the Settlement Agreement as submitted by the parties, including certification of a settlement Class comprised of all hourly tipped servers working at Defendant's restaurants Centro, Django, Malo, and Zombie Burger + Drink Lab between February 12, 2014, and February 12, 2016;

Approve the request for attorneys' fees in the amount of $54,512.09, along with $1977 in Plaintiff's counsel's expenses;

Approve payment of $1637 from the common settlement fund as an incentive award to the Named Plaintiff, in addition to any amount of *pro rata* share of the fund to which she is entitled;

Approve payments to individual Class Members in accordance with the terms and methods prescribed described in the Settlement Agreement;

Permanently enjoin Settlement Class Members from filing, joining, or prosecuting any claims, suits or administrative proceedings regarding claims released by this settlement; and

Enter a Final Judgment, with dismissal of this action with prejudice pursuant to Federal Rule of Civil Procedure 41, and retain jurisdiction to enforce the Settlement Agreement's terms.

IT IS ORDERED that the parties have until March 10, 2017, to file written objections to

the Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1). *Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990); *Wade for Robinson v. Callahan*, 976 F. Supp. 1269, 1276 (E.D. Mo. 1997). Any objections filed must identify the specific portions of the Report and Recommendation and relevant portions of the record to which the objections are made and must set forth the basis for such objections. See FED. R. CIV. P. 72; *Thompson*, 897 F.2d at 357. Failure to timely file objections may constitute a waiver of plaintiff's right to appeal questions of fact. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994); *Halpin v. Shalala*, 999 F.2d 342, 345 & n.1, 346 (8th Cir. 1993); *Thompson*, 897 F.2d at 357.

Dated this 23rd day of February, 2017.

**CELESTE F. BREMER**
**UNITED STATES MAGISTRATE JUDGE**